IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **JIMMY FRANK WORTHAM** | § | Case No. 14-60185 |
| xxx-xx-7974 | § | |
| 8330 FM 2419, Elkhart, TX 75839 | § | |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| ROBERT L. WORTHAM | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 14-6007 |
| | § | |
| JIMMY FRANK WORTHAM | § | |
| | § | |
| | § | |
| Defendant | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[1]

Upon trial of the complaint filed by the Plaintiff, Robert L. Wortham, Independent

Executor of the Estate of Frank Hall Wortham, Deceased (the "Plaintiff") seeking a

determination of whether an alleged debt owed to that estate by the Defendant-Debtor,

Jimmy Frank Wortham (the "Defendant"), is dischargeable, the Court issues the

following findings of fact and conclusions of law. The Plaintiff contends that the debt is

non-dischargeable as a debt arising from embezzlement under 11 U.S.C. §523(a)(4).

---

[1] These findings of fact and conclusions of law are not designated for publication and shall not
be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion,
the law of the case or as to other applicable evidentiary doctrines.

After the trial, the Court took the matter under advisement.  This decision disposes of all issues pending before the Court.

## **FINDINGS OF FACT**

1.   The Plaintiff, Robert L. Wortham,  is the duly qualified and acting Independent Executor of the Estate of Frank Hall Wortham, Deceased, arising from Cause No. 13877, in the County Court at Law of Anderson County, Texas.[2]

2.   In April 1995, Frank Hall Wortham ("F. H. Wortham") was 95 years of age and in questionable health.

3.   In April 1995, after a few days of hospitalization following a backyard fall, and upon physician orders, F. H. Wortham entered into a period of rehabilitation at a local nursing home.

4.   That rehabilitation period at the nursing home concluded at the end of May, 1995 and F. H. Wortham returned to his home at that time.

5.   Though still subject to several medications upon his return home, F. H. Wortham's physical and mental condition was satisfactory for a man of 95 years of age.

6.   The Plaintiff and the Defendant are both sons of F. H. Wortham.

7.   Soon after F. H. Wortham returned to his home from rehabilitation in May 1995, the Defendant began to assist his father in the conduct of his financial affairs.

8.   On May 31, 2005, F. H. Wortham opened checking account #5161112 at the Elkhart State Bank at Elkhart, Texas, with an initial deposit of $54,884.00.[3]

9.   Account #5161112 was designed on its signature card as a single party account with a "P.O.D." designation and as a "convenience account."

10.   In order to assist his father in the handling of his financial affairs, the Defendant was listed as a "convenience signer" on the signature card for account #5161112.

---

[2]  Ex. 3.

[3]  Ex. 1.

11.     One day later, on June 1, 2005, the Defendant utilized a check to transfer the sum of $48,000.00 from F. H. Wortham's account #5161112 to his personal bank account, #5161336, at the Elkhart State Bank.[4]

12.     The Defendant does not deny his appropriation and control over the $48,000.00.[5]

13.     The Defendant admits that all of the $48,000 was utilized for his personal use after the deposit of his father's check into the Defendant's personal bank account, although the Defendant failed to provide any specific evidence regarding the actual use of the funds.

14.     The Defendant did not utilize the $48,000 for the use and benefit of F. H. Wortham.

15.     F. H. Wortham died on August 8, 2005.

16.     The last will and testament of F. H. Wortham was admitted to probate before the County Court at Law in Anderson County, Texas, and the Plaintiff, Robert L. Wortham, another of the decedent's sons, was named as Independent Executor of the estate of Frank Hall Wortham, deceased.[6]

17.     At some point, the Plaintiff, in his capacity as Independent Executor, initiated a legal action against the Defendant before the 3rd Judicial District Court in and for Anderson County, Texas under cause no. 3-40132 to recover damages arising from the Defendant's alleged misappropriation of funds from his father's account.

18.     On July 1, 2010, the 3rd Judicial District Court signed an "Agreed Judgment" which awarded the Plaintiff, as Independent Executor of the F. H. Wortham Estate, a judgment against the Defendant in the sum of $56,000.00, together with interest at the rate of 5% per annum until paid.[7]

19.     The 2010 "Agreed Judgment" is a final and subsisting judgment against the

---

[4]  Ex. 2 and Ex. 9.

[5]  Ex. 10 at Interrogatory #5.

[6]  Ex. 4.

[7]  Ex. 13.  Though denominated as an "Agreed Judgment," the actual judgment is not executed by the Defendant.  Therefore, while it is undoubtedly a final judgment in favor of the Plaintiff and against the Defendant, this Court cannot in good faith treat it as an agreed obligation.

**Page 3 of  9**

Defendant.[8]

20.    An Abstract of Judgment was recorded in Volume 2229, Page 0182, in the Real Property Records of the Office of the County Clerk of Anderson County, Texas.[9]

21.    On March 20, 2014, the Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code under Cause No. 14-60185 in this Court.

22.    On April 10, 2014, the Plaintiff filed his Complaint to Determine Dischargeability of Debt against the Defendant, seeking a declaration that $48,000 of the total judgment amount due and owing by the Defendant to the Plaintiff under the "Agreed Judgment" is nondischargeable as a debt arising from embezzlement under 11 U.S.C. §523(a)(4).[10]

23.    The Defendant appropriated the sum of $48,000.00 from the convenience account — all of which was legally owned by his father, F. H. Wortham.

24.    After depositing the funds into his separate bank account, the Defendant thereafter utilized all such funds for his own personal use, as opposed to applying such funds for the use and benefit of F. H. Wortham.

25.    The Defendant offered no information regarding the disposition of the transferred funds, other than the admission that he used such funds for his own personal use.

26.    There is no evidence to corroborate the Defendant's contention that he was acting at his father's direction or with his express permission.

27.    In fact, the Defendant's withdrawal and appropriation of the $48,000.00 sum for his own personal use — only one day after the convenience account was established — was inconsistent with, indeed it was diametrically opposed to, the very nature and purpose of the convenience account.

---

[8]  The Court takes judicial notice that the Defendant did not dispute the judgment amount in his *Schedule F - Creditors Holding Unsecured Nonpriority Claims* filed in his underlying Chapter 7 case. See dkt # 1, Sch. F. at p. 1 in case no. 14-60185.

[9]  Ex. 14.

[10]  The Plaintiff's complaint also contained allegations that the debt should be rendered nondischargeable under §523(a)(2)(A).  However, that particular cause of action was abandoned by the Plaintiff at the trial of this matter.

28.   Under consideration of all of the surrounding circumstances, the establishment of a convenience account by F. H. Wortham indicates that he intended to retain title to all of the sums which he deposited into the convenience account.

29.   Under consideration of all of the surrounding circumstances, the establishment of a convenience account by F. H. Wortham indicates that he intended for the deposited sums to be used for his own personal maintenance and support until the time of his death.

30.   Under consideration of all of the surrounding circumstances, the access to his father's funds which the Defendant enjoyed as a designated "convenience signer" was provided "for the convenience of" F. H. Wortham and was granted to the Defendant solely to accommodate his efforts to care for the needs of F. H. Wortham.

31.   Thus, under consideration of all of the surrounding circumstances, the Defendant's testimony that his father had verbally directed him to withdraw the money and use it as he saw fit only one day after the creation of the convenience account is not credible.[11]

32.   Under consideration of all of the surrounding circumstances, the Defendant's appropriation of the $48,000.00 sum from the convenience account only one day after it was established by Frank Hall Wortham, and the subsequent use of all of those funds by the Defendant for his own personal use, was performed with a fraudulent intent.

33.   Therefore, the Court finds that the Defendant's acquisition and use of his father's funds withdrawn from the convenience account in the amount of $48,000.00 constitutes an embezzlement of those funds.

34.   To the extent any of these findings of fact constitute conclusions of law, the Court expressly adopts them as such.

---

[11]   The accompanying designation of the bank account as a "P.O.D. account" changes nothing. The right of survivorship granted to the Defendant with regard to the funds on deposit would become a present possessory interest for the Defendant only upon the death of his father — not after the passage of only one day after his father created a convenience account for his ongoing care. *See* TEX. PROB. CODE ANN. §439 (Vernon Supp. 2006)(repealed Jan. 1, 2014, but now codified as 1 TEX. ESTATES CODE ANN. § 113.152 (Vernon 2014)).

**Page 5 of  9**

# CONCLUSIONS OF LAW

1.    This Court has subject matter jurisdiction under 28 U.S.C. §§1334 and 11 U.S.C. §523. This Court has personal jurisdiction over the parties to this adversary proceeding.

2.    This Court has authority to enter a final judgment in this adversary proceeding since it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(I) and (O) and meets all constitutional standards for the proper exercise of full judicial power by this Court.

3.    The complaint filed by the Plaintiff seeks a determination that the debt which the Defendant owes to the decedent's estate for which the Plaintiff serves as executor should be excepted from discharge under 11 U.S.C. §523(a)(4).

4.    In seeking to except the debt owing to the decedent's estate from the scope of the discharge granted to the Defendant, the Plaintiff assumes the burden of proof under a preponderance of the evidence standard. *Grogan v. Garner*, 498 U.S. 279, 286 (1991).

5.    All exceptions to discharge under §523 "must be strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start."[12] *Hudson v. Raggio & Raggio, Inc. (In re Hudson)*, 107 F.3d 355, 356 (5th Cir. 1997).

*Applicable Texas Law*

6.    The provisions of the now-repealed Texas Probate Code, and not the current Texas Estates Code, govern the 2005 transactions upon which the Plaintiff's complaint is based.[13]

---

[12]   However, a fresh start is not promised to all who file for bankruptcy relief, but only to "the honest but unfortunate debtor." *Grogan*, 498 U.S. at 286-87.

[13]   The provisions of the Texas Probate Code were repealed as of January 1, 2014, and were recodified into the Texas Estates Code. *See* Acts 2009, 81st Leg., ch. 680, § 1 et seq.; Acts 2011, 82d Leg., ch. 823, § 1 et seq.; Acts 2011, 82d Leg., ch. 1338, § 1 et seq. The new codification is "without substantive change" and its purpose is to make the law "more accessible and understandable." *See* 1 TEX. EST.CODE ANN. § 21.001 (Vernon 2014).

7.  "A convenience account is one in which the depositor '. . . for the sole purpose of his own convenience, makes a joint deposit so that the other person may, for the convenience and sole benefit of the depositor, draw funds and apply them to the use of the depositor.'" *Worden v. Thornburg*, 564 S.W.2d 480, 486 (Tex. Civ. App. - Corpus Christi 1978, writ ref'd n.r.e.), overruled on other grounds, *Stauffer v. Henderson*, 801 S.W.2d 858, 862 (Tex. 1990).

8.  A convenience account is, therefore, created when an account creator wants to give authority to the other tenant to write checks for the creator's benefit, while the creator retains all incidents of title and ownership. *Bechem v. Reliant Energy Retail Servs., LLC,* 441 S.W.3d 839, 844-45 n.1 (Tex. App. – Houston [14th Dist.] 2014, no pet.).

9.  At the time of the transaction in question, Section 438A of the Texas Probate Code governed the creation of convenience accounts under Texas law.  It provided:

    (a)  If an account is established at a financial institution by one or more parties in the names of the parties and one or more convenience signers and the terms of the account provide that the sums on deposit are paid or delivered to the parties or to the convenience signers "for the convenience" of the parties, the account is a convenience account.

    (b)  The making of a deposit in a convenience account does not affect title to the deposit.

    (c)  A party to a convenience account is not considered to have made a gift of the deposit or of any additions or accruals to the deposit to a convenience signer.

    (d)  On the death of the last surviving party, a convenience signer shall have no right of survivorship in the account and ownership of the account remains in the estate of the last surviving party.

    (e)  If an addition is made to the account by anyone other than a party, the addition and accruals to the addition are considered to have been made by a party.

    (f)  All deposits to a convenience account and additions and accruals to the deposits may be paid to a party or to a

convenience signer.  The financial institution is completely released from liability for a payment made from the account before the financial institution receives notice in writing signed by a party not to make the payment in accordance with the terms of the account.  After receipt of the notice from a party, the financial institution may require a party to approve any further payments from the account.

. . .

TEX. PROB. CODE ANN. §438A (Vernon Supp. 2006)(repealed Jan. 1, 2014)[14]

*Nondischargeability under § 523(a)(4):  Debt Arising From Embezzlement.*

10.    11 U.S.C. §523(a)(4) provides that "A discharge under 11 U.S.C.§ 727 does not discharge an individual from a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny."

11.    "Embezzlement is defined for the purposes of §523(a)(4) as the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *Miller v. J.D. Abrams Inc. (Matter of Miller),* 156 F.3d 598, 602 (5th Cir.1998), *cert. denied*, 526 U.S. 1016 (1999).

12.    "Embezzlement, however, is not limited to situations in which one person is entrusted with the property of another.  It also applies where . . . a person lawfully obtains property, but then fraudulently appropriates it for his or her own use." *Powers v. Caremark, Inc. (In re Powers)*, 261 Fed. App'x. 719, 723 (5th Cir. 2008).

13.    "Given that a debtor has lawful control of the property, embezzlement then requires three elements: (1) appropriation of funds by the debtor; (2) for the debtor's use or benefit; and (3) with fraudulent intent." *Andra Group, L.P. v. Gamble-Ledbetter (In re Gamble-Ledbetter)*, 419 B.R. 682, 696 (Bankr. E.D. Tex. 2009) *(citing Rainey v. Davenport (In re Davenport),* 353 B.R. 150, 200 (Bankr. S.D. Tex. 2006)).

14.    To "appropriate" is to exercise control over or to take possession of property. *Winn v. Holdaway (In re Holdaway)*, 388 B.R. 767, 778 (Bankr. S.D. Tex. 2008).

---

[14]  Now codified as 1 TEX. ESTATES CODE ANN. §§ 113.105 and 113.106 (Vernon 2014).

15.     Fraudulent intent is "an intent to deceive another person and thereby induce such other person to transfer, alter or terminate a right with respect to property." *Id.; Soisson v. Hillebrandt (In re Hillebrandt)*, 2011 WL 2447738 at *20 (Bankr. S.D. Miss., June 15, 2011).

16.     "Fraudulent intent may be inferred from the conduct of the Debtor and from circumstances of the situation." *Chizk v. Ramon (In re Ramon)*, 433 B.R. 571, 582 (Bankr. N.D. Tex. 2010).

17.     To the extent any of these conclusions of law constitute findings of fact, the Court expressly adopts them as such.

## CONCLUSION

18.     Accordingly, the Court concludes that the sum of $48,000.00 owed by the Defendant, Jimmy Frank Wortham, to Robert L. Wortham, as Independent Executor of the Estate of Frank Hall Wortham, Deceased, as a component of the debt evidenced by that certain Final "Agreed Judgment" issued by the 3rd Judicial District Court in and for Anderson County, Texas, is thereby rendered nondischargeable under 11 U.S.C. §523(a)(4).

19.     Court costs of $293.00 are assessed against the Defendant, Jimmy Frank Wortham, and in favor of the Plaintiff, Robert L. Wortham, in his capacity as the Independent Executor of the Estate of Frank Hall Wortham, Deceased, pursuant to 28 U.S.C. §1920.

20.     An appropriate judgment shall be entered consistent with these findings and conclusions.

Signed on 06/09/2015

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE